*432 The case was argued in April, 1809; and was held under advisement until May, 1810; when the motion was withdrawn.
The °ph>ion 1 had formed on the occasion, was as follows : The first point to be decided is, whether the affidavit to hold to bail, not jjeiug directly positive, but by way of reference to the account annexed to the writ, was an invalid authority to the sheriff to arrest the defendant and hold him to bail 1
I am of opinion that, admitting that the defendant might have been entitled to his discharge upon a common appearance, had he been arrested, for the defectiveness of the affidavit, in respect to which, however, I give no opinion, the affidavit was sufficient to authorize the sheriff to arrest the defendant, and that it was unlawful in the defendant to resist him.
The second point to be decided is, whether it was an affidavit made before a magistrate lawfully empowered to administer the oath in that case taken. Or, in other words, whether the oath so taken was not extrajudicial, and, therefore, insufficient to authorize the sheriff to arrest the party ?
My opinion on this point is, that the clerk of the court was not empowered to take the affidavit in question, and that the sheriff was not authorized thereby to arrest the party. The act of assembly of 17C9, P. L. 273, is restrictive. “ No person shall be held to bail for debt, unless au affidavit shall be made before and attested by some judge or justice of peace, and indorsed on the writ; nor for any other cause, without a judge’s order, &c.” The clerks of the several courts are constituted commissioners of special bail by act of assembly. They are also authorized by late acts of assembly to give orders for reasonable bail, which was a power formerly exercised by the judges only. And by an act, of assembly of December, 1804, they are declared to be ex officio, justices of the quorum, so far as relates to the duties of their respective offices. As commissioners for taking recognizances of special bail, it cannot be pretended that they are magistrates for any other purpose; and the case under consideration does not involve any question concerning special bail. The power specially given to grant orders for bail in extraordinary cases, cannot be construed to extend to this case,, which did not require a special order,.but a simple affidavit of the amount of the debt due. The authority to grant an order for reasonable bail, does not necessarily imply an authority to take an affidavit ; and I incline to think that before the act of assembly of December, 1804, the clerks could not, nor could any commissioner of special bail, take any affidavits in relation to the execution of their *433 duty as commissioners; as where the bail were required to justify* (fee. But such affidavit was to be taken before a justice of peace* So where orders are given for reasonable bail by a clerk, specially authorized on a proper affidavit to him submitted, (see act of assembly of 1799,) it is by no means necessary that the clerk should take the affidavit. On the contrary, by the wording of the law* it would seem the legislature did not intend that h$ should take such affidavit. The act of assembly of December, 1804, cannot be fairly construed to give any power to the clerks of couvts, as such, to admi. minister any oath but such as relates to the duty of the clerk. An affidavits hold to bail has no necessary connexion with, or relation to the duty of a clerk of the court.
Note. In this case, álso, it was objected to the verdict, that it was incorrect in finding the defendant guilty, generally, when there was no proof of a battery. <2«. de hoc ? A justice of peace cannot grant, and of course, cannot justify granting a blank warrant; yet the officer who acts ministerially, is justifiable in executing any such warrant, by a magistrate, for a matter within hisjurisdictiort. See 2 M’Nally’s Evid. 489. If the matter be not within his jurisdiction, it is ¡otherwise. So if one who is not a magistrate, grants a warrant. 1 Lea. 133. 1 Hale, 436. 1 Str. 499. Fost. 29, 135, 398, 319. 1 Hawk. 129, 130. Cowp. 3. 8 T.-R. 455. 1 East. 309. Respecting affidavits to hold to bail, seé 2 Burr* 655. Doug. 467. 4 Burr. 1995. 1 T. R. 83. 2 T. R. 55, 654, 756. 2 Bl. R> 740 3Wils. 154, 850. 1 Wils. 231. 4 Burr. 2126. 2 Burr. 653,1032. Cowp* 529. Barnes, 65, 67. 1 H Bl. 218, 249,10. Doug. 106. 2 B. and P.355* 5T.fi. 552. 6 T. R. 13,217. 2 Dali. 330. 8 Bos. and P. 390. 1 East. 515.